By the* Court.
Oakley, Ch. J.
The policy of insurance *20 upon the plaintiff's goods contained a special provision, that “ in case of partial loss by sea damage to dry goods, cutlery, or other hardware, the loss shall be ascertained by a separation and sale of the portion only of the contents of the packages so damaged, and not otherwise, and the same practice shall obtain, as to all other merchandise as far as practicable.”
The parties were unable to agree as to the extent of the damages sustained by the plaintiff on a part of the goods, and his agent was notified that the company required such part to be sold, in order to ascertain the loss. The company designated an auctioneer, and told the agent to clean up the goods preparatory to the sale. They were sent by him to the auctioneer, and were sold. On the amount of sales being ascertained, the agent sent a bill to the company, stating the amount of the loss claimed, after deducting the proceeds of the sale at auction; in this bill the auctioneer’s commissions and other expenses were added to the balance left after deducting the proceeds, and appear to have been paid by the plaintiff. The auctioneer failed, and did not pay over the proceeds.
Upon this state of facts the plaintiff claimed that the defendants had taken the goods in question out of his hands, employed théir own auctioneer, directed as to the time and terms of sale, and controlled the whole affair, and that therefore the auctioneer was their agent, and the loss by his failure devolved upon them.
On the other hand, the defendants claimed that there was no abandonment of the property to the underwriters, that the goods were in the possession of the plaintiff at the time of the sale, and were sold as his, and that the loss was his.
The judge at the trial left it to the jury to decide whether the auctioneer was the agent of the plaintiff or of the defendants, or of both parties; and he instructed them that if he were the agent of the defendants in the transaction, and not of the plaintiff, the defendants were responsible for the loss arising from bis failure.
We have considered the subject, and we think, that apart from any. agreement to the contrary, the appointment ■ of an *21 auctioneer to sell the property in question, under the provisions of the policy for that purpose, must be deemed in law to be the joint act of the parties, and of course .the defendant would not be responsible to the plaintiff for the loss sustained by his failure. The plaintiff, therefore, cannot succeed in this action, without showing that the defendants took the goods as their own, and sold them as their own, and,, in our judgment, the evidence in the case falls far short of making out that fact. The verdict of the jury is therefore wrong, and must be set aside, and a new trial granted.